UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:25-CR-00069 |
| | ) | Judge Richardson |
| ANTUAN L. RHODES | ) | |

### PETITION TO ENTER A PLEA OF GUILTY

I, Antuan L. Rhodes, respectfully represent to the Court as follows:

(1) My true full name is Antuan Lamar Rhodes. I was born in Hollandale Mississippi on September 25, 1981. I completed the 12th grade and two years of college.

(2) My appointed lawyer is David I. Komisar.

(3) I have received a copy of the Indictment before being called upon to plead and have read and discussed it with my lawyer and believe and feel that I understand every accusation made against me in the Superseding Information.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the Indictment and my lawyer has counseled and advised me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalties for the offense with which I am charged is:

> Count One: Conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine in violation of Title 21 U.S.C. § 846. Up to twenty years imprisonment, a maximum fine of $1,000,000 and a $100 special assessment. Supervised Release of not less than three years.

Count Four: Distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1). Up to twenty years of imprisonment, a maximum $1,000,000 fine and a $100 special assessment. Supervised Release of not less than three years.

Count Five: Distribution and possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1). Up to twenty years of imprisonment, a maximum fine of $1,000,000 and a $100 special assessment. Supervised Release of not less than three years.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I also understand that these Guidelines are advisory, but that the Court may take account of the Guidelines together with other sentencing goals. My lawyers and I have discussed the calculation of the Guidelines in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guidelines range will be calculated by the United States Probation Officer who prepares the presentence report in my case. The estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the cost of any confinement or probation supervision. The Court may also order restitution to be made to any victim of the offense. If I am convicted of any offense specified in the 18 U.S.C. § 3663A(c), or otherwise required by law, restitution is mandatory. I have the right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waved in the plea agreement.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty or more years of imprisonment. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good credit per year, and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under the present law that (a) I cannot vote in Tennessee, unless my right is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole, or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state of federal, this conviction may be used to increase that increase

that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. [If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.] I understand that this list may not include all the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy trial and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of evidence, including the attendance of any witness, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count to which I plead just as if a jury found me guilty of the charge following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state, or local), nor any other person has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge decides to reject an agreement pursuant to Federal Rule of Criminal Procedure 11(c) (1) (A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the judge rejects a recommendation made pursuant to Rule 11(c) (1) (C) I do not have the right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons, which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked him to do and has reviewed with me the discovery material provided by the Government. I am satisfied with his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

Guilty to Count One of the Indictment: Conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine in violation of Title 21 U.S.C. § 846.

Guilty to Count Four of the Indictment: Distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 (a)(1).

Guilty to Count Five of the Indictment: Distribution and possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1).

(13) This plea is the result of a Plea Agreement between my lawyer and the government under the provisions of Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*. The Plea Agreement is attached to this Petition and incorporated herein by reference.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord. Also, my lawyer explained this to me, and I feel and believe I understand this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in Paragraph (12) in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this 5th day of January 2026.

_____
Antuan L. Rhodes

# ACKNOWLEDGEMENT OF GOVERNMENT ATTORNEY

The maximum punishment is accurately stated above.

_____
ATTORNEY FOR GOVERNMENT

# CERTIFICATE OF COUNSEL

The undersigned, as attorneys and counselors for **ANTUAN L. RHODES**, hereby certifies as follows:

(1) I have read and fully explained to Antuan L. Rhodes all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petitions is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by Antuan L. Rhodes in paragraph (12) of the foregoing petition is voluntary and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of Antuan L. Rhodes this the 5th day of January 2026.

_____
DAVID I. KOMISAR
ATTORNEY FOR DEFENDANT

# ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named Defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is ORDERED that the petition be granted and the Defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as remembered in the certificate of counsel.

Done in open court this 5th day of January 2026.

_____
UNITED STATES DISTRICT JUDGE