UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:25-cr-00069 |
| | ) | JUDGE RICHARDSON |
| [1] RIMON SALIM | ) | |

### ORDER

Defendant's Unopposed Motion to Continue Trial Date, Enlarge Pretrial Motion Deadline, and Cancel Pretrial Conference (Doc. No. 46) is granted. The trial in this case is rescheduled for **June 23, 2026, beginning at 9:00 a.m**. The pretrial conference is rescheduled for **June 15, 2026, at 10:00 a.m.** All lawyers who will try the case shall attend the pretrial conference; as indicated below, the time slot for the pretrial conference alternatively may (upon advance notice to the Court) be used as a change-of-plea hearing, but it is not intended to be a status conference and so counsel should plan and prepare accordingly.

All pretrial motions shall be filed no later than six weeks prior to the above-stated trial date. **If a party does not meet this deadline, or any later deadline obtained via a timely motion to extend the deadline, it may be deemed to have waived any right to file pretrial motions.** A motion to continue a deadline shall be filed at least one week prior to the deadline. A response to a motion shall be filed within fourteen days after the filing of the motion. A reply in support of a motion, should the movant choose to submit one, shall be filed within seven days after the filing of the response. **The deadline for the Government's expert witness disclosure is no later than three weeks prior to the above-stated trial date. The defendant shall advise the Government, not later than six weeks prior to the Government's deadline for expert witness**

**disclosure, if the defendant wishes to forego receiving any expert witness disclosure from the Government (thus avoiding the reciprocal obligation for the defendant to provide an expert witness disclosure).** If defendant does have a reciprocal obligation to provide an expert witness disclosure, the deadline for such disclosure is four weeks prior to the above-stated trial date.

## Speedy Trial Act

Defendant has filed a waiver of speedy trial (Doc. No. 47). The Court concludes that the period of delay is reasonable and is excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq*. The Court specifically finds that the interests of justice served by granting the continuance outweigh the interests of the public and a Defendant in a speedy trial on the date previously scheduled. 18 U.S.C. § 3161(h)(7)(A), (B). The diminished weight of a Defendant's interest in a speedy trial is reflected by his choice to submit a speedy trial waiver. Moreover, a Defendant is likely to be prejudiced if he is not adequately prepared for trial despite due diligence, and the public interest will not be served if such prejudice ultimately requires this case to be retried.

## Change of Plea

Any plea agreement shall be consummated no later than two weeks before the above-stated trial date, and the Courtroom Deputy so notified. Likewise, if the Defendant opts to plead guilty without a plea agreement, the Courtroom Deputy shall be so notified no later than two weeks before the above-stated trial date. If a plea agreement is submitted or if the Defendant opts to plead guilty without a plea agreement, the hearing to take the plea will take place on **June 15, 2026, at 10:00 a.m.**, or at such earlier time as the Court may schedule upon request of the parties.

By noon three days prior to the plea hearing, in advance of any plea hearing, the Government shall submit to chambers the proposed plea agreement (if any) and the plea elements, and counsel for Defendant shall submit a plea petition.

If the case is to be tried, the parties shall file the following by 4:00 p.m. on the Tuesday before trial:

1. An agreed set of case specific jury instructions, with citations to supporting authorities.

2. Alternative versions of jury instructions on which there is not an agreement, with citations to supporting authorities.

3. An agreed verdict form or alternative versions.

4. Motions in limine.

Responses to motions in limine shall be filed by 4:00 p.m. on the Friday before trial. Parties shall email a Word version of all proposed instructions and verdict forms that are filed to richardson_chambers@tnmd.uscourts.gov.

Any motion to continue the trial shall be filed no later than two weeks prior to the trial date, and any opposition shall be filed no later than two days after the motion to continue. All defense motions to continue shall be accompanied by a Waiver of Speedy Trial.

The parties are forewarned that motions filed after the deadlines set forth herein may not be considered by the Court.

Counsel for the parties shall comply timely with the discovery and motion provisions of LCrR 12.01 and 16.01.

The Defendant shall attend all Court proceedings in this case. If the Defendant is in custody, the Government shall take all necessary actions to secure the timely presence of the Defendant at all Court proceedings. Counsel for the Defendant shall make sure that street clothes

are available timely for the Defendant at trial.

       IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE